Aaron Kaufmann, State Bar No. 148580
David Pogrel, State Bar No. 203787
Afroz Baig, State Bar No. 308324
LEONARD CARDER, LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
akaufmann@leonardcarder.com
dpogrel@leonardcarder.com
abaig@leonardcarder.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN REECE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION,<br><br>Defendant. | Case No.<br><br>**COMPLAINT, PUTATIVE CLASS ACTION AND COLLECTIVE ACTION FOR DAMAGES FOR:**<br><br>**(1) FAILURE TO PAY OVERTIMEWAGES (Calif. Labor Code §§ 510, 1194);**<br><br>**(2) FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS (Calif. Labor Code §§ 226.7, 512, I.W.C. Wage Order No. 4);**<br><br>**(3) FAILURE TO AUTHORIZE & PERMIT REST PERIODS (Calif. Labor Code § 226.7, I.W.C. Wage Order No. 4);**<br><br>**(4) FAILURE TO FURNISH ACCURATE WAGE STATEMENTS (Calif. Labor Code §§ 226, 226.3);**<br><br>**(5) WAITING TIME PENALTIES (Calif. Labor Code §§ 201-203);**<br><br>**(6) UNFAIR COMPETITION (Bus. & Prof. Code § 17200,** *et seq.;* **and**<br><br>**(7) Failure to Pay Overtime Wages (FLSA, 29 U.S.C. § 207)** |

Dean Reece alleges as follows on behalf of himself and all others similarly situated in the State of California:

## I.     INTRODUCTION

1.     Plaintiff Dean Reece ("Plaintiff"), on behalf of himself and other current and former Body Damage Appraisers, brings a collective action for federal overtime pay, under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), and a class action under Fed. R. Civ. Proc. Rule 23(b)(3) for state wage and hour claims arising out of their alleged misclassification, by Defendant The Hertz Corporation ("Hertz"), as "exempt" employees under certain federal and state wage laws.

2.     Hertz rents and leases automobiles to individuals and businesses in California and worldwide. It has employed Plaintiff and similarly situated Body Damage Appraisers ("Appraisers") throughout California and the rest of the country to appraise and facilitate body damage repairs for Hertz's vehicles throughout California and across the country. The Appraisers appraise and estimate repair costs, and send out vehicles for repair to third-party vendors. The Appraisers perform this work at Hertz locations, typically near airports.

3.     Plaintiff challenges Hertz's policy and practice of treating Appraisers as "exempt" and thereby failing to pay them overtime compensation under the FLSA and California law, or provide off-duty meal period and off-duty rest breaks as required by California law. Hertz's policy and practice of misclassifying its Appraisers as exempt has been in effect for at least the past four years. Exploiting its "exempt" classification of its Appraisers, Hertz allowed, encouraged, and/or pressured the Appraisers, including Plaintiff, to work overtime hours without paying overtime compensation, as required by federal and California law; failed to provide duty and control fee meal periods and rest breaks, as required by California law; failed to pay the required compensation to those Appraisers to whom it failed to provide lawful meal periods and rest breaks; and failed to pay overtime compensation and meal period and rest break pay at the time of termination of employment.

//

//

4.     Plaintiff brings claims under California law for unpaid overtime compensation, missed meal period pay, rest break pay, waiting time penalties, restitution, statutory penalties, interest, and attorneys' fees and costs.  These claims are brought pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class of Appraisers employed by Defendant during the period commencing approximately April 1, 2016 through to the present (the "Class Period").

5.     Plaintiff bring claims under the FLSA, 29 U.S.C. §§ 207, 216(b), for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs on behalf of himself and on behalf of similarly situated individuals who worked for Hertz as Appraisers throughout the United States who were classified as exempt from overtime pay.  Plaintiff, and those similarly situated, were subjected to Hertz's knowing and willful policy and practice of misclassifying them as exempt and not paying them overtime premium pay as required by the FLSA.

## II.     JURISDICTION

6.     28 U.S.C. § 1331 grants this Court jurisdiction over the FLSA claim brought under 29 U.S.C. §§ 207, 216(b).

7.     28 U.S.C. § 1367 grants this Court has jurisdiction over Plaintiff's wage and hour claims under California state law.

## III.     VENUE AND INTRADISTRICT ASSIGNMENT

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims stated herein arose within this District. Venue is also proper pursuant to 28 U.S.C. §1391(b)(1) because a substantial number of the members of the class alleged herein work or worked for Defendant in facilities and operations maintained by Defendant within this District and within the Division and Courthouse to which this action has been assigned. Hertz also both failed to register a California-based principal place of business with the California Secretary of State, as such venue is proper in any district in the state of California, including this District.

//

//

IV.     **PARTIES**

A.     **PLAINTIFF**

9.     Plaintiff Dean Reece resides in San Jose, California. He served as an Appraiser for Hertz from approximately November 29, 2017 to January 30, 2020. He worked primarily at Hertz's facilities at the San Francisco Airport ("SFO") but also performed work as an Appraiser at Hertz facilities in Sacramento and Oakland. Throughout his tenure, Hertz paid Mr. Reece a salary and did not pay him overtime premium pay. Hertz also failed to provide Reece with off-duty, control free meal periods and did not permit or authorize him to take off-duty, control free rest periods. Plaintiff signed and hereby files as Exhibit A hereto a consent form to be a party plaintiff in this action pursuant to 29 U.S.C. § 216(b).

B.     **DEFENDANT**

10.     Defendant The Hertz Corporation is a for-profit company incorporated under the laws of Delaware. Its headquarters are located in Estero, Florida. Defendant Hertz is, and at all relevant times has been, an employer covered by the federal Fair Labor Standards Act, the California Labor Code, and California IWC wage order No. 9.

V.     **FACTUAL BACKGROUND**

11.     Defendant Hertz rents and leases vehicles to individuals and business customers, throughout the country, as well as through numerous locations in California. These locations are geographically dispersed, and include a location at the San Francisco Airport, and at many other airports in California and across the country.

12.     Hertz employs scores of Appraisers in California and nationwide. Each workday the Appraisers inspect and appraise damage on a number of vehicles that are returned damaged by Hertz's customers. Appraisers conduct appraisals and estimate the costs of vehicle repairs in accordance with Hertz's specifications, industry pricing models, and using Hertz's computer software. Appraisers' duties include sending each damaged vehicle to an automobile repair and/or body shop, upon approval of a supervisor. Appraisers also prepare all Hertz-specified documentation related to each vehicle they appraise, conduct follow up work such as contacting

assigned body shops for status updates on vehicles, and call automobile parts suppliers to locate and price parts for repairs.

13. At all relevant times, Hertz classified Plaintiff and other Appraisers in California as "exempt" for purposes of overtime compensation under the FLSA and also overtime compensation, meal and rest periods, and other wage and hour requirements under California law.

14. Hertz required and/or knowingly permitted Plaintiff and other Appraisers to work hours considerably in excess of eight hours a day and/or 40 hours a week. Plaintiff is informed and believes that it was Hertz's policy and practice to require and/or knowingly permit Appraisers to work overtime hours without receiving overtime compensation.

15. Hertz did not have a policy or practice to provide duty and control free meal periods to Plaintiff and its other Appraisers.

16. Hertz did not have a policy or practice to permit and/or authorize duty and control free rest breaks to Plaintiff and its other Appraisers.

17. Hertz's "exempt" classification of Plaintiff and other Appraisers during the Class Period was unlawful under the FLSA, California Labor Code § 515, and I.W.C. wage order No. 9.

18. As a result of Hertz misclassifying Appraisers as "exempt," it failed to pay premium overtime compensation to Plaintiff and similarly situated Appraisers for hours worked over eight in a day and 40 in a week.

19. As a result of misclassifying Appraisers as "exempt," Hertz willfully failed to pay Appraisers at the time of termination of employment all accrued overtime, meal period, and rest break compensation.

20. Plaintiff is informed and believes that Hertz misclassified Appraisers as exempt to avoid paying overtime wages, providing off-duty meal periods and rest breaks to employees who worked overtime hours, and compensating Appraisers for missed meal period and rest breaks.

## VI. CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Code of Civil Procedure § 382. The Class that Plaintiff seeks to represent is composed of and defined as:

> All persons who are or have been employed by The Hertz Corporation as Body Damage Appraisers, Damage Appraisers, and Appraisers in the State of California during the period from April 1, 2016 through certification of this action as a class action.

22.  This action has been brought and may properly be maintained as a class action under Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation, the proposed Class is easily ascertainable, and Plaintiff Reece is a proper representative of the Class.

    a.  <u>Ascertainability and Numerosity</u>:  The potential members of the class as defined herein are so numerous that joinder would be impracticable.  Plaintiff is informed and believes that Defendant has <u>employed</u> more than 50 Appraisers in California during the Class Period.  The names and addresses of the Class Members are available from Defendant.  Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

    b.  <u>Commonality and Predominance of Common Questions</u>:  There are questions of law and fact common to Plaintiff and the Class Members that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

        i.  Whether Defendant has required, encouraged, or permitted Appraisers to work in excess of 40 hours per week and/or eight hours per day;

        ii.  Whether Defendant knew or should have known that their Appraisers regularly worked over 40 hours per week and/or eight hours per day;

        iii.  Whether Defendant has failed to pay Appraisers overtime wages for time worked in excess of 40 hours per week and/or eight hours per day;

        iv.  What duties were specified and assigned by Defendant for the Appraiser position;

        v.  Whether those duties specified and assigned by Defendant to Appraisers were exempt duties under I.W.C. wage order No. 9;

    vi.    How much time Appraisers devoted to exempt versus non-exempt duties;

    vii.    Whether Appraisers customarily and regularly exercised discretion and independent judgment over matters of significance;

    viii.    Whether Defendant employed Appraisers in a position subject to, and not exempt from the overtime requirements under California law;

    ix.    Whether Defendant violated California's I.W.C. wage order No. 9, California Labor Code §§ 510 and 1194, and the FLSA by its failure to pay Appraisers overtime compensation;

    x.    Whether Defendant's failure to pay overtime compensation to Appraisers constituted an unlawful, unfair, and/or fraudulent business practice, under California Business & Professions Code § 17200 *et seq.*;

    xi.    Whether Defendant has failed to provide Class Members with adequate off-duty and control free meal periods and compensation for missed meal periods in violation of Labor Code § 226.7, 512 and IWC wage order No. 9, § 11;

    xii.    Whether Defendant's failure to provide Class Members with adequate off-duty and control free meal periods and meal period compensation constitutes an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code § 17200, *et seq.*;

    xiii.    Whether Defendant has failed to authorize and permit Class Members with adequate off-duty and control free, paid, rest periods and compensation for missed rest periods in violation of Labor Code §§ 226.2, 226.7, and IWC wage order No. 9, § 12;

    xiv.    Whether Defendant's failure to authorize and permit Class Members with adequate off-duty and control free, paid, rest periods and rest period compensation constitutes an unlawful, unfair, and/or fraudulent business practice under Business & Professions Code §§ 17200, *et seq.*;

   xv. Whether Defendant has failed to furnish Class Members with accurate wage statements as required by Labor Code §§ 226 and 226.3;

   xvi. Whether Defendant violated California Labor Code §§ 201-203, by failing to timely pay overtime compensation, meal period pay and rest break pay at time of termination of employment to Appraisers;

   xvii. Whether Defendant's failure to pay all compensation owed at time of termination of employment constituted an unlawful, unfair, and/or fraudulent business practice, under California Business & Professions Code § 17200 *et seq.*; and

   xviii. The proper formulas for calculating restitution, damages, and penalties owed to Plaintiff and the class alleged herein.

  c. <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Class.  Defendant's common course of unlawful conduct has caused Plaintiff and similarly situated Class Members to sustain the same or similar injuries <u>and</u> damages caused by the same practices of Defendant.  Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

  d. <u>Adequacy of Representation</u>:  Plaintiff is a member of the Class, does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class Members.  Plaintiff's counsel is competent and experienced in litigating large employment class actions, including large wage-and-hour class actions.

  e. <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each Member of the Class has been damaged or may be damaged in the future due to Defendant's unlawful policies and practices detailed herein. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties

and the judicial system. Certifying this case as a class action is superior because it will allow for efficient remedy to the Class Members for the damages they incurred as a result of Defendant's failure to: pay overtime compensation; to provide off-duty and control free meal periods; to provide premium pay for missed meal periods; to authorize and/or permit off-duty and control free rest breaks; to provide premium pay for missed rest breaks; and/or to pay all compensation due to Class Members upon termination of their employment. Class treatment will thereby effectuate California's strong public policy of protecting employees from deprivation of earned wages and overwork. If this action is not certified as a Class Action, it will be impossible as a practical matter for many or most Class Members to bring individual actions to recover their earned wages and penalties.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff brings the claims herein for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of Body Damage Appraisers, Damage Appraisers, and Appraisers (collectively "Appraisers") who worked for Hertz anywhere in the United States and who Hertz classified as "exempt" during the period commencing three years prior to the filing of the initial complaint in this action and who timely consents to join this action (i.e., opts in).

24.     Plaintiff Reece and the other Appraisers are similarly situated, having performed substantially similar duties for Hertz, and being subject to Hertz's common policy and/or practice of unlawfully classifying Appraisers as "exempt" and thereby avoiding its obligations to pay overtime compensation pursuant to the FLSA, 29 U.S.C. § 207.

25.     The claim for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because Plaintiff's claims are similar to the claims of the Appraisers.

26.     The names and addresses of the Appraisers are available from Hertz. Accordingly, Plaintiff prays herein for an Order requiring Hertz to provide the names and all available locating information for all members of the Collective Action, so notice can be provided to the similarly situated employees of the pendency of this action, and their right to opt in to this action.

## VII. DAMAGES

27. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff and similarly situated Appraisers are owed overtime compensation plus interest, premium pay for missed meal periods plus interest, premium pay for missed rest break plus interest, waiting time penalties under Labor Code § 203, and other statutory penalties, the precise amount of which will be proven at trial.

## VIII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION**
**(LABOR CODE §§ 510, 1194, *ET SEQ.*, IWC WAGE ORDER NO. 9)**
**(ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS)**

28. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and the above-described Class of similarly situated Appraisers employed by Hertz in California.

29. By failing to pay overtime compensation to Plaintiff and similarly situated Class Members as alleged above, Hertz has violated and continues to violate Labor Code § 510 and IWC wage order No. 9, § 3, which require overtime compensation be paid to non-exempt employees.

30. As a result of Hertz's unlawful acts, Plaintiff and similarly situated Class Members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, under Labor Code § 1194.

31. By violating Labor Code § 510, Defendant is liable for attorneys' fees and costs under Labor Code § 1194.

32. Plaintiff, on behalf of himself and similarly situated Appraisers, requests relief as described below.

//

//

//

**SECOND CLAIM FOR RELIEF**

**FAILURE TO PROVIDE MEAL PERIODS**
**(LABOR CODE §§ 226.7, 512, IWC WAGE ORDER NO. 9)**
**(ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS)**

33. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and the above-described Class of similarly situated Appraisers employed by Hertz in California.

34. Plaintiff and similarly situated Appraisers have regularly worked in excess of five (5) hours a day without being provided at least a half-hour meal period in which they were relieved of all duties and control, as required by Labor Code §§ 226.7 and 512, and IWC wage order No. 9, § 11(A).

35. Because Defendant failed to provide proper meal periods, it is liable to Plaintiff and similarly situated Appraisers for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7(b) and IWC wage order No. 9, § 11(B).

36. Plaintiff, on behalf of himself and similarly situated Appraisers, requests relief as described below.

**THIRD CLAIM FOR RELIEF**

**FAILURE TO AUTHORIZE AND PERMIT REST BREAKS**
**(LABOR CODE § 226.7, IWC WAGE ORDER NO. 9)**
**(ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS)**

37. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and the above-described Class of similarly situated Appraisers employed by Hertz in California.

38. Plaintiff and similarly situated Appraisers have regularly worked in excess of three and a half (3.5) hours a day without Defendants authorizing and permitting them to take at least a 10-minute paid rest break free of all duty and control and have failed to pay them for such rest breaks not provided, as required by Labor Code § 226.7 and IWC wage order No. 9, § 12.

39. Because Defendant failed to authorize and permit proper rest breaks, it is liable to Plaintiff and similarly situated Appraisers for one hour of additional pay at the regular rate of

compensation for each workday that the proper rest breaks were not authorized or permitted, pursuant to Labor Code § 226.7(b) and IWC wage order No. 9, § 12(B).

40. Plaintiff, on behalf of himself and similarly situated Appraisers, requests relief as described below.

## FOURTH CLAIM FOR RELIEF

**FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**
**(LABOR CODE §§ 226 & 226.3; IWC WAGE ORDER NO. 9)**
**(ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS)**

41. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and the above-described Class of similarly situated Appraisers employed by Hertz in California.

42. Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each California employee with a statement itemizing, among other things, the gross wages earned and the total hours worked by the employee. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the gross wages earned and total hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

43. Defendant knowingly and intentionally failed to furnish Plaintiff and similarly situated Appraisers with timely, itemized statements that accurately report the gross wages earned and total hours worked, as required by Labor Code § 226(a) and IWC wage order No. 9, § 7(B). As a result, Defendant is liable to Plaintiff and similarly situated Appraisers for the amounts provided by Labor Code § 226(b), including an award of costs and reasonable attorneys' fees.

44. Plaintiff, on behalf of himself and similarly situated Appraisers, requests relief as described below.

//

//

//

## FIFTH CLAIM FOR RELIEF

**WAITING TIME PENALTIES**
**(LABOR CODE §§ 201, 202, & 203)**
**(ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS)**

45. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and the above-described Class of similarly situated Appraisers employed by Hertz in California but are no longer employed by Defendant.

46. California Labor Code § 201 requires an employer who discharges a California employee to pay all compensation due and owing to that employee immediately upon discharge.

47. California Labor Code § 202 requires an employer to pay all compensation due and owing to a California employee who quits within 72 hours of that employee's quitting, unless the employee provides at least 72 hours' notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

48. California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

49. Defendant willfully failed and refused to timely pay compensation and wages, including unpaid overtime pay, minimum wage for all hours worked, unpaid premium pay for missed meal periods, and unpaid premium pay for missed rest periods, to Plaintiff and similarly situated Appraisers whose employment terminated. As a result, Defendant is liable to Plaintiff and similarly situated Appraisers for waiting time penalties under Labor Code § 203.

50. Plaintiff, on behalf of himself and similarly situated Appraisers, requests relief as described below.

## SIXTH CLAIM FOR RELIEF

**VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
**(BUSINESS & PROFESSIONS CODE §§ 17200-09)**
**(ON BEHALF OF PLAINTIFF AND ALL CLASS MEMBERS)**

51. The allegations of each of the preceding paragraphs are realleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and the

1  above-described Class of similarly situated Appraisers employed by Hertz in California and in a
2  representative capacity under Business & Professions Code § 17204.

3      52.    Business & Professions Code § 17200 prohibits unfair competition in the form of
4  any unlawful, unfair, or fraudulent business act or practice.

5      53.    Business & Professions Code § 17204 allows "any person acting for the interests
6  of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

7      54.    Beginning at an exact date unknown to Plaintiff, but at least four years prior to the
8  filing of this action, Defendant committed unlawful, unfair, and/or fraudulent business acts and
9  practices as defined by Business & Professions Code § 17200, by engaging in the following:

10     a.    failing to pay overtime compensation to Plaintiff and similarly situated
11 Appraisers, as required by California and federal law;

12     b.    failing to provide adequate off-duty and control free meal periods to
13 Plaintiff and similarly situated Appraisers and failing to pay them premium pay for missed meal
14 periods, as required by California law; and

15     c.    failing to authorize and permit adequate, off-duty and control free rest
16 periods to Plaintiff and similarly situated Appraisers and failing to pay them premium pay for
17 missed rest periods, as required by California law.

18     55.    The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate
19 acts and practices for purposes of Business & Professions Code § 17200.

20     56.    As a direct and proximate result of Defendant's unlawful, unfair, and/or fraudulent
21 acts and practices described herein, Defendant has received and continues to hold wages and other
22 pay belonging to Plaintiff and similarly situated Appraisers.  As a direct and proximate result of
23 Defendant's unlawful business practices, Plaintiff and Appraisers have suffered economic injuries
24 including, but not limited to loss of overtime wages, compensation for missed meal periods and
25 rest breaks, and waiting time penalties.  Defendant has profited from its unlawful, unfair, and/or
26 fraudulent acts and practices in the amount of unpaid overtime, unpaid compensation for missed
27 meal periods and rest breaks, and interest accrued by Plaintiff and similarly situated Appraisers.
28 //

57.	Plaintiff and similarly situated Appraisers are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for all unpaid overtime, minimum wage, missed meal and rest period compensation, waiting time penalties, and interest since four years prior to the filing of this action.

58.	Plaintiff and similarly situated Appraisers are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

59.	Plaintiff's success in this action will enforce important rights affecting the public interest. In this regard, Plaintiff sues on behalf of the public as well as on behalf of himself and others similarly situated. Plaintiff seeks and is entitled to the unpaid compensation, declaratory relief, civil penalties, and any other appropriate remedy.

60.	Plaintiff has assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action, which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

61.	By all of the foregoing alleged conduct, Defendant has committed, and is continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200, *et seq*.

62.	As a direct and proximate result of the unfair business practices described above, Plaintiff and other Appraisers have all suffered significant losses and Defendant has been unjustly enriched.

63.	Pursuant to Business & Prof. Code §17203, Plaintiff, other Appraisers, and members of the general public are entitled to: (a) restitution of money retained and/or acquired by Defendant by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; and (b) a declaration that Defendant's business practices are unfair within the meaning of the statute.

64.	Plaintiff, on behalf of himself and similarly situated Appraisers, requests relief as described below.

//

**SEVENTH CLAIM FOR RELIEF**

**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**
**(29 U.S.C. § 201, *et seq.*)**
**(ON BEHALF OF PLAINTIFF AND ALL APPRAISERS)**

65. PLAINTIFF alleges and incorporates by reference the allegations in the preceding paragraphs.

66. At all relevant times, Hertz has been, and continues to be, an "employer" engaged in interstate "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Hertz has employed, and continues to employ Appraisers, including Plaintiff, and each of the Appraisers. Plaintiff is informed and believes that Hertz had annual dollar volume of sales in excess of $9 Billion during the applicable statutory period.

67. Plaintiff consents to sue in this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Plaintiff signed and hereby files as Exhibit A hereto a consent form to be a party plaintiff in this action pursuant to the FLSA. It is likely that other individuals will sign consent forms and join in this claim in the future.

68. The FLSA requires each covered employer, such as Hertz, to compensate all non-exempt employees at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a week.

69. Plaintiff and Appraisers are entitled to be paid the statutorily required overtime compensation for all overtime hours worked. At all relevant times, Hertz had a policy and practice of failing and refusing to pay overtime pay to the Plaintiff and Appraisers for their hours worked in excess of 40 hours per week. By failing to compensate Plaintiff and the Appraisers at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Hertz has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

70. Hertz's conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff, on behalf of himself and the Appraisers, seeks damages in the amount of all unpaid overtime compensation owed to him and the Appraisers, liquidated damages as provided

by the FLSA, 29 U.S.C. §§ 216(b), 255 and such other legal and equitable relief as the Court deems just and proper.

72.     Plaintiff, on behalf of himself and the Appraisers, seek recovery of attorneys' fees and costs of action to be paid by Hertz, as provided by the FLSA, 29 U.S.C. § 216(b).

## IX.     PRAYER FOR RELIEF

73.     Wherefore, Plaintiff Reece, on behalf of himself and the Rule 23 Class Members and FLSA Collective Action Members, requests relief as follows:

A.  Certification of the above-described California class as a class action, pursuant to Rule 23:

B.  Class notice to all Appraisers who worked for Defendant during the Class Period described above;

C.  A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law:

　　i.   Labor Code §§ 510, 1194, *et seq.*, and IWC wage order No. 9 by failing to pay proper overtime compensation to Appraisers;

　　ii.  Labor Code §§ 226.7 and 512, and IWC wage order No. 9 by failing to provide off-duty and control free meal periods to Plaintiff and Class Members;

　　iii. Labor Code § 226.7 and IWC wage order No. 9 by failing to authorize and permit off-duty and control free rest periods to Plaintiff and Class Members;

　　iv.  Labor Code § 226 and IWC wage order No. 9, § 7(B) by failing to provide Plaintiff and Class Members with accurate itemized statements of gross wages earned and total hours worked with each payment of wages;

　　v.   Labor Code §§ 201-203, for willfully failing to pay overtime, worked, missed meal period compensation, and missed rest break

|   |   |   |
|---|---|---|
| | | compensation at the time of termination of employment, resulting in unpaid waiting time penalties; and |
| | vi. | Business & Professions Code §§ 17200-17208, by failing to pay its Appraisers overtime compensation under California and federal law, by failing to provide meal periods and/or pay missed meal period compensation to Appraisers, by failing to authorize and permit rest breaks and/or pay missed rest breaks compensation to Appraisers, and by failing to provide Appraisers with itemized wage statements showing all hours worked; |
| D. | | A declaratory judgment that Defendant's violations as described above were willful; |
| E. | | For an equitable accounting to identify, locate, and restore to all current and former Appraisers the wages that are due; |
| F. | | An award to Rule 23 Class Members of damages in the amount of overtime compensation, meal period pay and rest break pay, including interest thereon, subject to proof at trial; |
| G. | | As to those Rule 23 Class Members who have left Defendant's employ, an award of payments due to them as waiting time penalties, pursuant to California Labor Code § 203; |
| H. | | An order requiring Defendant to pay restitution of all amounts owed to Rule 23 Class Members for Defendant's failures to pay legally overtime, meal period pay and rest break pay, and interest thereon, in an amount according to proof, pursuant to California Business & Professions Code § 17203; |
| I. | | An award to Rule 23 Class Members of reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure § 1021.5, California Labor Code § 1194, and/or other applicable law; and |
| J. | | An award to Rule 23 Class Members of such other and further relief as this Court deems just and proper. |

74. Wherefore, Plaintiff Reece, on behalf of himself and all members of the FLSA Collective Action, pray for relief as follows:

  A. Designation of this action as a collective action on behalf of the FLSA Collective Action Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective Action, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

  B. Designation of Plaintiff Reece as Representative of the FLSA Collective Action;

  C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

  D. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

  E. Costs of action incurred herein, including expert fees;

  F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

  G. Pre-Judgment and Post-Judgment interest, as provided by law; and

  H. Such other legal equitable relief as this Court deems necessary, just, and proper.

DATED: April 29, 2020      LEONARD CARDER, LLP

              */s/ David Pogrel*
              By: Aaron D. Kaufmann
                David Pogrel
                Afroz Baig

              *Attorneys for Plaintiff DEAN REECE*